Thomas E. Towe, Esq.
Towe, Ball, Enright, Mackey
  &amp; Sommerfeld, PLLP
2525 Sixth Avenue North
PO Box 30457
Billings, MT 59107-0457
Phone: 406-258-7337
Fax: 406-248-2647

Attorney for Plaintiff, Jeannie Rosseland

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| **JEANNIE ROSSELAND, individually, and on behalf of all similarly situated current and former employees of Defendants in the State of Montana** )<br>)<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>)<br>**NEW YORK LIFE INSURANCE COMPANY, INC., a New York Corporation; NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, INC., a Delaware Corporation; NEW YORK LIFE INSURANCE COMPANY OF ARIZONA, an Arizona Corporation,** )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Defendants. ) | Cause No: CV 11-20-BLG-RFC-CSO<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Class Action Complaint and
Demand for Jury Trial

1

Plaintiffs complain of the Defendants and allege for their claim for relief against the Defendants as follows:

## INTRODUCTORY STATEMENT

1.      Over the last eight years, the Defendants hired Plaintiff and numerous other persons similarly situated as employees to assist them in their business.  As a part of their employment duties and responsibilities, the Plaintiff and other purported class members were ordered to and did attend various training sessions.  Plaintiff and other class members were either not paid for attending these training sessions or the Defendants failed to pay them minimum wages and overtime compensation as required by applicable minimum wage and overtime compensation laws.

2.      In addition, as a part of their employment, Plaintiff and other purported class members necessarily expended monies in the direct consequence of the discharge of their duties as employees and of the employees' obedience to the direction of the Defendant employers for which they were entitled to indemnification under §39-2-701, MCA.  Plaintiff and other class members have not received such indemnification.

3.      Additionally, Defendants, as the employer of Plaintiff and other purported class members failed to give to Plaintiff as an employee and other class

Class Action Complaint and                    2
Demand for Jury Trial

members as employees an itemized statement setting forth the monies deducted because of state and federal income taxes, social security, or any other deduction together with the amount of each deduction as required by §39-3-101, MCA.

4.      Under §39-3-205, an employee who separates from the employ of an employer must be paid the unpaid wages immediately or within a certain period of time. Failure to do so subjects the employer to penalties under §39-3-206 for a period of up to three years. Plaintiff and other class members seek the imposition of these penalties for failure to pay as required by §39-3-205.

## IDENTIFICATION OF THE PARTIES

5.      The Plaintiff is a former employee of Defendants. She was hired on or about June 6, 2005, under the terms of a written Introductory Contract, and was given a Training Allowance Subsidy Plan Agreement on September 14, 2005. The Plaintiff is a resident of McCone County, Montana.

6.      Purported class members are other employees within the State of Montana given an Introductory Contract with Defendants and a Training Allowance Subsidy Plan Agreement or either of said agreements.

7.      Plaintiff and other purported class members are informed and believe, and therefore allege, that Defendant New York Life Insurance Company, Inc. is, and

Class Action Complaint and          3
Demand for Jury Trial

at all times relevant hereto was, a corporation organized and existing under and by virtue of the laws of the State of New York, with its headquarters and/or principle place of business at 51 Madison Avenue, New York, New York. Plaintiff and purported class members are further informed and believe, and therefore allege, that Defendant New York Life Insurance Company, Inc. is, and at all times relevant hereto was, a foreign corporation qualified to transact and conduct business in the State of Montana, and that at all times relevant hereto did, and still does, transact and conduct business, namely, selling insurance policies and providing financial services to consumers throughout the State of Montana, including, but not limited to, Yellowstone County, Missoula County, and McCone County, counties in which the Plaintiff, Jeannie Rosseland, performed work for Defendants, and operated offices within the State of Montana where Plaintiff and other purported class members have worked. Defendant New York Life Insurance Company, Inc., is one of Plaintiff's employers as it relates to the claims in this lawsuit.

8.     Plaintiff and other purported class members are informed and believe, and therefore allege, that Defendant New York Life Insurance and Annuity Corporation, Inc., is, and at all times relevant hereto was, a corporation existing under and by virtue of the laws of the State of Delaware, with its headquarters and/or

Class Action Complaint and                4
Demand for Jury Trial

principle place of business, at 51 Madison Avenue, New York, New York. Plaintiff and other purported class members are further informed and believe, and therefore allege, that Defendant New York Life Insurance and Annuity Corporation, Inc., is, and at all times relevant hereto was, a foreign corporation qualified to transact and conduct business in the State of Montana and did, in fact, transact and conduct business, namely, selling insurance policies and providing financial services to consumers throughout the State of Montana, including, but not limited to, Yellowstone County, Missoula County, and McCone County, counties in which the Plaintiff, Jeannie Rosseland, performed work for Defendants and operated offices within the State of Montana where Plaintiff and other purported class members have worked. Defendant New York Life Insurance Company, Inc., is one of Plaintiff's employers as it relates to the claims in this lawsuit.

9.     Plaintiff and other purported class members are informed and believe, and therefore allege, that Defendant NY Life Insurance Company of Arizona, is, and at all times relevant hereto was, a corporation existing under and by virtue of the laws of the State of Arizona, with its headquarters and/or principle place of business, at 4343 North Scottsdale Road, Suite 220, Scottsdale, AZ. Plaintiff and other purported class members are further informed and believe, and therefore allege, that Defendant

Class Action Complaint and                    5
Demand for Jury Trial

NY Life Insurance Company of Arizona, is, and at all times relevant hereto was, a foreign corporation qualified to transact and conduct business in the State of Montana and did, in fact transact and conduct business, namely, selling insurance policies and providing financial services to consumers throughout the State of Montana, including, but not limited to, Yellowstone County, Missoula County, and McCone County, counties in which the Plaintiff, Jeannie Rosseland, performed work for Defendants and operated offices within the State of Montana where Plaintiff and other purported class members have worked. Defendant NY Life Insurance Company of Arizona, is one of Plaintiff's employers as it relates to the claims in this lawsuit.

## JURISDICTION AND VENUE

10.   The jurisdiction of this Court is invoked under 28 U.S.C. §1332, Diversity of Citizenship. Each of the Defendants is a citizen of a different state than the Plaintiff. The matter in controversy exceeds the sum of $75,000.00.

11.   The jurisdiction of this Court is also invoked under the authority of 28 U.S.C. §1331, a Federal Question, in that the Fair Labor Standards Act, 29 U.S.C. §201-219 applies and controls the principle legal issues of this law suit.

12.   The jurisdiction of this Court is also invoked under the authority of 28 U.S.C. §1332(d), Class Actions.

Class Action Complaint and                6
Demand for Jury Trial

13.     The venue is proper in this Court because a substantial part of the events

or omissions giving rise to the claim occurred within the jurisdictional district of this

Court and the representative Plaintiff and a substantial number of the representative

Plaintiff resides within the judicial district of this Court.  See 28 U.S.C. §1391.

## FACTUAL BACKGROUND

14.     Plaintiff, Jeannie R. Rosseland, applied for employment with Defendants

and was hired.  An Introductory Contract of employment was entered into on June 6,

2005.  A copy of said contract is attached hereto as Exhibit A.

14.     Although the employment contract, Exhibit A, refers to the employee as

an "agent" and specifically states that the agent shall not be considered an employee

nor the Defendants an employer but rather the agent shall be considered an

"independent contractor," said agreement is, in truth  and reality, an employment

contract.  The agent is not allowed to engage in any other gainful employment nor act

as an agent for any other insurance company.

15.     The agreement said forth as Exhibit A specifically provides that the

"agent," and "independent contractor" and "employee" shall **not** be paid for any work

done for the company or any sales made for the benefit of the company during the

lifetime of said agreement.     Said provision is  unconscionable,  illegal,  and

Class Action Complaint and                          7
Demand for Jury Trial

unenforceable. As an employee, Plaintiff and purported class members are entitled to be paid a salary and wage at least equal to the minimum wage. And if the Plaintiff and other purported class members work more than 40 hours a week, they are entitled to overtime pay as provided by law.

16.     Plaintiff and other purported class members believe and therefore allege, that all new "agents" that work for the Defendants selling insurance are required to sign an Introductory Contract similar to Exhibit A. Said contract form has been in existence for at least eight years prior to the filing of this lawsuit and all persons who have signed such a contract as an agent are purported class members as being similarly situated.

17.     Plaintiff and purported class members who sign an Introductory Contract similar to Exhibit A are required to incur various expenses in their employment with Defendants for the benefit of Defendants. Plaintiff and purported class members have not been reimbursed for these expenses as required by §39-2-701.

18.     Upon the sale of a certain dollar amount of insurance for Defendants, an "agent" who has signed an Introductory Contract similar to Exhibit A is offered a Training Allowance Subsidy Plan Agreement (hereinafter "TAS Agreement").

19.     Plaintiff, Jeannie R. Rosseland, qualified and was offered a TAS

Class Action Complaint and                          8
Demand for Jury Trial

Agreement and entered into such an agreement on September 14, 2005, a copy of this Agreement is attached hereto as Exhibit B.

20.    The TAS Agreement is also an employment agreement.  This time it states on its face that it is an employment agreement:

> While this agreement is in effect, the agent will be an employee of the company, subject to its direction and control, and will devote the agent's entire time to the business of this employment.

(Exhibit B at 1, ¶2.)

21.    Plaintiff and purported class members believe and therefore alleges, that all new agents for the Defendants who advanced beyond the Introductory Contract were required to sign a similar TAS Agreement, essentially the same as set forth in Exhibit B.

22.    Considerable work was done by Plaintiff and other purported class members for the Defendants for which no compensation was paid or compensation less than the minimum wage was paid.  This includes some duties and responsibilities required by Defendants that are not sales of insurance or are not covered by the outside sales exception to the minimum wage laws.  In effect, all training sessions, travel to and from training sessions, and all similar duties required of Plaintiff and purported class members constitutes work performed for the Defendants, their

Class Action Complaint and                          9
Demand for Jury Trial

employers.

23.    Plaintiff and purported class members were required, under the terms of the TAS Agreement, to acquire and maintain errors and omissions insurance coverage in an amount not less than one million dollars per occurrence. (Exhibit B at 17, ¶19.) Plaintiff and purported class members were also required to acquire other supplies and incur other expenses in connection with their employment with Defendants under the TAS Agreement.    Included in such items are supplies such as stationery, computers, and software, and expenses such as costs of faxes, copies, phone, and other services.    Additionally, Plaintiff and other purported class members were required to travel in connection with their employment and as a result incurred out-of-pocket expenses for (1) the cost of travel in their own automobiles or otherwise, (2) costs of meals, (3) costs of lodging, and (4) other travel expenses.    None of these expenses have been reimbursed as required by §39-2-701, MCA.

## CLASS ALLEGATIONS

24.    Pursuant to the Rules for the certification of a class action that exists in federal jurisdictions (F. R. Civ. P. 23), the representative Plaintiff brings this action as a class action consisting of:

> All agents ("employees") of the Defendants New York Life Insurance Company, New York Life Insurance and

Annuity Corporation, and/or NY Life Insurance Company of Arizona who signed Introductory Contracts or Training Allowance Subsidy Plan Agreements with said companies and performed services for said companies within the State of Montana within the eight years prior to the filing of this lawsuit.

25.    This action is properly brought as a class action because the class numbers are so numerous that joinder of all of them is impracticable.  The identity of the class members and their names and addresses are uniquely within the knowledge of the Defendants.

26.    This action is properly brought as a class action because certain questions of law and fact exist as to all class members, and predominant over any questions solely affected by the individual class members, inter alia:

(1)    Whether all of the services performed pursuant to the TAS Agreement were performed by employees of the Defendants and not as independent contractors?

(2)    Whether all of the services performed under the TAS Agreement are exempt from the Minimum Wage Act of the Montana Minimum Wage and Overtime Compensation Act and/or the Federal Fair Labor Standards Act?

(3)    Whether the expenses incurred by the agents under the TAS Agreement

Class Action Complaint and                     11
Demand for Jury Trial

in performance of their duties for the Defendants as their employers are subject to indemnification by the Defendants as employers under §39-2-701.MCA?

(4)     Whether the training required of the Plaintiff and purported class members was subject to the Minimum Wage Act of the state and federal governments?

(5)     Whether the travel time to and from training sessions required of Plaintiff and purported class members are services rendered pursuant to the minimum wage and overtime compensation laws of Montana and the United States?

(6)     Whether the State of Montana's Minimum Wage and Overtime Compensation Act applies or whether the Fair Labor Standards Act of the United States applies to these services?

27.     The only material question applicable to individual class members is the precise amount of damages caused to each class member and the most appropriate remedy for each class member. This information can easily be determined in a hearing regarding damages or other expeditious method of determining damages and individual remedies in class actions.

Class Action Complaint and                    12
Demand for Jury Trial

28.     The Plaintiff, Jeannie R. Rosseland, seeks to be declared the representative Plaintiff in this lawsuit. Her claims are typical of the class members' claims since the representative Plaintiff and all class members have been required to sign the same Introductory Contract and TAS Agreement and have been treated in the exact same manner by the Defendants.

29.     The interests of the class members will be fairly and adequately protected by the representative Plaintiff. The representative Plaintiff's interests are consistent with those of the class members. The representative Plaintiff is committed to prosecuting this action and has retained counsel experienced, knowledgeable, and competent in class action litigation and in employment issues.    Neither the representative Plaintiff nor her counsel have any interest that might cause them not to vigorously pursue this action.

30.     The representative Plaintiff is not antagonistic to, or in conflict with, the interest she seeks to represent. The representative Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

31.     Class certification, therefore, is appropriate under the Rules of Class Certification recognized by the F. R. Civ. P. 23(b)(1) because the prosecution of

separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members which would result in incompatible results and obligations of the Defendants. Class certification also is appropriate because the adjudication would, as a practical matter, be dispositive of the interests of the individual class members.

32.     Class certification is also appropriate under the Rules of Class Certification rocognized by the F. R. Civ. P. 23(b)(3) because the above-described common questions of law and fact are predominant over any questions affecting individual class members, thereby causing a class action to be superior to other available methods for the fair and efficient adjudication of this controversy.

33.     The expertise and burden of litigation would substantially impair the class members to pursue individual lawsuits in order to vindicate their rights and place an undue burden on the Court's system. In the absence of a class action, the class members may not be able to pursue effectively their rights against the Defendants because the damages would be insufficient to justify such an action, and the Defendants may not be required to make just compensation or take proper action to remedy the damages they have caused.

## COUNT ONE

Class Action Complaint and              14
Demand for Jury Trial

## FAILURE TO PAY MINIMUM WAGE AND
## OVERTIME COMPENSATION

34.     Plaintiff and purported class members hereby reallege and incorporate by reference all of the allegations in the paragraphs preceding this paragraph.

35.     Within eight years before the filing of this Complaint, Defendants have employed Plaintiff and other purported class members throughout the State of Montana to conduct and transact Defendants' insurance and financial products business. Defendants have unlawfully denied Plaintiff and other purported class members who are similarly situated, wages and other benefits of employment, when, as a matter of fact and law, Plaintiff and purported class members are Defendants' employees pursuant to the introductory contract and pursuant to the TAS Agreement. As employees they are entitled to certain benefits such as minimum wages and overtime compensation.

36.     Each Plaintiff's and each purported class member were required to be at mandatory and frequent training sessions. The time spent in these mandatory training sessions and the time required to travel to said mandatory training sessions, are subject to the protection of the minimum wage and overtime compensation laws of the State of Montana and the Federal government. These training sessions are intended to educate and train agents on how to act as sales people to sell the insurance

Class Action Complaint and                    15
Demand for Jury Trial

policies and financial products marketed by Defendants and during such training classes, agents are not engaged in any sales activities directly related to marketing or selling products and services to Defendants' customers. Plaintiff and purported class members did not receive any payment for the time spent in training classes and for the time required to travel to and from said classes, or, in the alternative, the payment for the time spent for the employer's benefit was less than the legal minimum wage.

37.     Under the laws regarding minimum wage in the State of Montana and under the Fair Labor Standards Act of the United States, the Plaintiff and purported class members were entitled to the protection of the minimum wage law and protection of the overtime compensation laws for all hours worked because, as employees during such mandatory training periods, they were not and are not subject to the exclusion of the labor code for outside salesmen. They were not selling anything during these hours.

38.     The Defendants failed to comply with the Minimum Wage and Overtime Compensation Act of the State of Montana and the Fair Labor Standards Act of the United States.     As a direct and proximate result of this failure, the Plaintiff and purported class members have suffered, and continue to suffer substantial losses related to the use and enjoyment of such monies, lost interest on such wages, and

expenses and attorney's fees in seeking to compel Defendants to fully perform their obligations under state law and federal law all to their respective damage and amounts according to proof at time of trial. Plaintiff and purported class members are entitled to recover all amounts for all such hours worked, penalties pursuant to Montana statutes and Fair Labor Standards Act of the United States, liquidated damages, interest, attorney's fees, and court costs and expenses of suit. Plaintiff and purported class members are also entitled to recover, in addition or in lieu of some or all of such wages and benefits, nominal, actual and compensatory damages in an amount according to proof at time of trial.

**COUNT TWO**

**FAILURE TO INDEMNIFY AND REIMBURSE FOR BUSINESS EXPENSES**

39.     Plaintiff and purported class members hereby reallege and incorporate by reference all of the allegations in the paragraphs preceding this paragraph.

40.     Within eight years before the filing of this Complaint, Defendants have employed Plaintiff and purported class members as agents and/or in similar positions and/or with similar job titles, duties and responsibilities, pursuant to the introductory contract and to the TAS Agreement throughout the State of Montana, to conduct and

Class Action Complaint and
Demand for Jury Trial

transact Defendants' insurance and financial products business. Pursuant to the expressed terms of the TAS Agreement, Plaintiff and purported class members are employees of the Defendants. As a result, Plaintiff and purported class members are and have been entitled to the protection of §39-2-701, Indemnification of Employee.

41. Furthermore, Defendants made deductions or set-offs from Plaintiff's and purported class members' earned wages which were not permitted under §39-2-701. Such deductions and set-offs included items including, but not limited to, all items that these employees necessarily had to purchase or to pay for in direct consequence of the discharge of their duties as an employee or of the employees' obedience to the direction of the employer, or for losses caused by the employer's want of ordinary care. Defendants cannot ask or require Plaintiff or purported class members to waive the benefits of §39-2-701, MCA.

42. The benefits and protections of §39-2-701, MCA, extend to Plaintiff and purported class members, even if they were and are otherwise subject to the exclusion of the Minimum Wage and Overtime Compensation Act as outside sales persons.

43. Within eight years before the filing of this Complaint, as agents and/or in similar positions and/or with similar job titles, duties and responsibilities employed pursuant to the TAS Agreement throughout the State of Montana, Plaintiff and

Class Action Complaint and                                          18
Demand for Jury Trial

purported class members have been required to, among other items: pay rent on office space; pay monthly telephone service charges; pay copy charge fees; pay for required specialized software and technical support for that software as monthly charges; pay a commission (administration fee) for each policy on which Defendants paid Plaintiff and purported class members a commission; expenses for faxes; software expenses; and stationery and other office supplies.

44.    In violation of Montana law, Defendants have refused to perform their obligations to properly indemnify and reimburse Plaintiff and purported class members for such items and avoid making deductions or set-offs from Plaintiff's and other purported class members' earned wages.  As a direct and proximate result, Plaintiff and purported class members have suffered and continues to suffer, substantial losses relating to the use and enjoyment of such monies, lost interest in such wage, and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligation under state law, all to their respective damage in amounts according to proof at time of trial.  Plaintiff and other purported class members are entitled to recover all amounts for all such expenses, penalties pursuant to law, interest, attorneys' fees, and court costs and expenses of suit, pursuant to Montana and the United States statutes according to proof at time of trial.

45.     Plaintiff and purported class members are also entitled recover, in addition to or in lieu of some or all such expenses and benefits, nominal, actual and compensatory damages in amounts according to proof at time of trial.

## COUNT THREE

### FAILURE TO PROVIDE THE PROPERLY ITEMIZED WAGE STATEMENTS.

46.     Plaintiff and purported class members hereby reallege and incorporate by reference all of the allegations in the paragraphs preceding this paragraph.

47.     Within eight years before the filing of this Complaint, Defendants have employed Plaintiff and purported class members as agents and/or in similar positions and/or with similar job titles, duties and responsibilities throughout the State of Montana, to conduct and transact Defendants' insurance and financial products business.  Defendants have unlawfully denied Plaintiff's and purported class members' wages and other benefits of employment, when as a matter of fact and law, agents are Defendants' "employees" pursuant to contract.  As a result, Plaintiff and purported class members are, and remain entitled to the protections of the Montana Wage and Wage Protection Act with regard to the requirements that Defendants provide Plaintiff and purported class members with correctly itemized wage

statements at each pay period including proper payment of wages and expenses, and proper itemization of employees' pay and withholding of deductions authorized by law and in writing by employees, among other items all as provided in §39-3-101, MCA.

48.     In violation of this statute, Defendants have refused to perform their obligations to provide Plaintiff and purported class members with properly itemized wage statements, including proper payment of wages and expenses, and proper itemization of employees' pay and of deduction authorized in writing by employees.

49.     As a direct and proximate result of Defendants' failure to provide Plaintiff and purported class members with properly itemized wage statements, Plaintiff and purported class members have suffered, and continue to suffer, substantial losses relating to the use and enjoyment of such wages, monies, and wage statements and wage benefits, lost interest on wages and expenses and benefits, and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligation under state law, all to their respective damage in amounts according to proof at time of trial.  Plaintiff and purported class members are thus entitled to recover all amounts for all such wages and expenses and benefits on such wage statements, penalties, interest, attorneys' fees and court costs and expenses of suit

Class Action Complaint and                    21
Demand for Jury Trial

according to proof at time of trial. Plaintiff and purported class members are also entitled to recover, in addition to or in lieu of, some or all such wages and expenses and benefits, nominal, actual and compensatory damages in amounts according to proof at time of trial.

## COUNT FOUR

## WAGE UNLAWFULLY WITHHELD AT TERMINATION

46.     Plaintiff and purported class members hereby reallege and incorporate by reference all of the allegations in the paragraphs preceding this paragraph.

47.     Within eight years before the filing of this Complaint, Defendants have employed Plaintiff and purported class members pursuant to the TAS Agreement throughout the State of Montana to conduct and transact Defendants' insurance and financial products business. Defendants have unlawfully denied Plaintiff's and purported class members' wages and other benefits of employment, when as a matter of fact and law, agents are Defendants' employees pursuant to contract. As a result, Plaintiff and other purported class members are and have been entitled to the protection of Montana law with regard to the requirements that Defendants provide Plaintiff and purported class members with all earned wages as of the date of each former employee' termination of employment with Defendants.

48.     In violation of state law, §39-3-205 et seq., Defendants have refused to perform their obligations to provide former employees with all earned wages as of the date of each former employee's termination of employment with Defendants. As a direct and proximate result, Plaintiff and purported class members have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation, all to their respective damages in amounts according to proof at time of trial. Plaintiff and purported class members are thus entitled to recover all amounts for all such compensation plus waiting time penalties pursuant to §39-3-206, MCA, according to proof at time of trial. Plaintiff and other purported class members are also entitled to recover, in addition to or in lieu of some or all such compensation and benefits, nominal, actual and compensatory damages in amounts according to proof at time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.      That this case be accepted as a class action under Rule 23 of the F. R. Civ. P., that it be certified as a class action, and that Plaintiff be designated the representative Plaintiff with authority to pursue the claim for all class members and that Plaintiff's counsel be designated lead

counsel with full authority to pursue this class action case.

2.    That representative Plaintiff and other class members are entitled to relief against all Defendants as follows:

a.    For nominal damages;

b.    For actual damages;

c.    For compensatory damages;

d.    For restitution of all monies, wages, expenses and benefits due to Plaintiff and other class members;

e.    For prejudgment interest accrued to date;

f.    For Penalties for Defendants' failure to comply with the Montana Labor Code as set forth in §39-3-206 and any other section of the Montana Labor Code.

g.    For cost of suit and expenses incurred in pursuing this lawsuit;

h.    For reasonable attorneys' fees pursuant to §39-3-214;

i.    For appropriate equitable relief;

j.    For appropriate declaratory relief;

k.    For all such other and further relief as the Court may deem just and proper under the circumstances.

Class Action Complaint and                    24
Demand for Jury Trial

DATED this _28_ day of February, 2011.


                          TOWE, BALL, ENRIGHT, MACKEY
                             & SOMMERFELD, PLLP

                          By: /s/ Thomas E. Towe
                              Thomas E. Towe
                              Attorney for Plaintiff, Jeannie Rosseland

## DEMAND FOR JURY TRIAL.

Plaintiff Jeannie Rosseland demands a trial by jury.

## VERIFICATION

State of Montana        )
                        ) ss.
County of _McCONE_      )

I, Jeannie Rosseland, Plaintiff herein, being first duly sworn depose and say

that I have reviewed the entire complaint and that I am familiar with the contents

thereof and that know of my own knowledge that the matters contained therein are

true except those stated upon information and belief and those I believe to be true.


                          By: _Jeannie Rosseland_
                              Jeannie Rosseland

SWORN AND SUBSCRIBED to before me this _28_ day of February,
2011.

Class Action Complaint and              25
Demand for Jury Trial



Notarial Seal

Signature: _Jana Lee Hance_

Print Name: _JANA LEE HANCE_

Notary Public for the State of Montana,

Residing at _CIRCLE_

My Commission expires _9/25/2013_