IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| JEANNIE ROSSELAND, individually, and on behalf of all similarly situated current and former employees of Defendants in the State of Montana,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>NEW YORK LIFE INSURANCE COMPANY, INC., NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, INC., and NEW YORK LIFE INSURANCE COMPANY OF ARIZONA,<br><br>　　　　　　Defendants. | CV 11-20-BLG-CSO<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Plaintiff Jeannie Rosseland, for herself and putative class members (collectively "Rosseland"),[1] claims, among other things, that

---

[1] For brevity, the Court refers to Rosseland and other putative class members as "Rosseland."

the New York Life Defendants[2] failed to pay her and others minimum wage, overtime compensation, certain withheld wages, and penalties under state and federal laws. *Complaint (Court Doc. 1) at ¶¶ 35-38, 47-48.* Defendants move to dismiss counts one and four of Rosseland's Complaint. *Motion to Dismiss (Court Doc. 7).*

The parties consented to this case's assignment to the undersigned for all purposes. *Notice of Assignment (Court Doc. 15).* The Court heard oral argument on July 12, 2011. *Court Doc. 26.* Having reviewed the parties' briefs and considered their arguments, the Court grants the motion for the reasons discussed below.

## I. **BACKGROUND**

When considering motions to dismiss under Rule 12(b)(6), Fed. R. Civ. P.,[3] a court must accept as true all well-pleaded allegations of material fact and construe them in the light most favorable to the

---

[2]Defendants are New York Life Insurance Company, Inc., New York Life Insurance and Annuity Corporation, Inc., and New York Life Insurance Company of Arizona. The Court refers to Defendants collectively as "New York Life."

[3]References to rules are to the Federal Rules of Civil Procedure unless otherwise indicated.

nonmoving party. *Daniels-Hall v. National Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010). Thus, the Court sets forth below those facts alleged in Rosseland's Complaint pertinent to the motion at hand.

On June 6, 2005, New York Life hired Rosseland under terms of a written Introductory Contract. *Court Doc. 1 at ¶¶ 5-6*. Under this contract, Rosseland is referred to as an "agent." The contract provides that an agent is not to be considered an employee and New York Life is not to be considered an employer. Rather, an agent is to be considered an independent contractor. *Id. at ¶ 14(b)*.[4]

After an agent has sold a certain dollar amount of insurance for New York Life, an agent under the Introductory Contract is offered a Training Allowance Subsidy Plan Agreement ("TAS"), which is an employment agreement, with New York Life. *Id. at ¶ 18 and 20*. On September 14, 2005, Rosseland entered with New York Life a TAS agreement. *Id. at ¶¶ 5-6, 19*. Her TAS agreement ended automatically by its own terms on September 14, 2008, three years after its initial execution. *Memorandum of Law Supporting New York Life's Motion to*

---

[4]Rosseland's Complaint contains two paragraphs labeled "14." For clarity, the Court refers to the second of these as "14(b)."

*Dismiss (Court Doc. 8) at 3; Pltf's Resp. Br. (Court Doc. 12) at 4.*[5]

Rosseland performed work under both the Introductory Contract and the TAS agreement for which she received no compensation or insufficient compensation. *Court Doc. 1 at ¶¶ 22-23, 35-38*. Under count one of the Complaint, Rosseland seeks minimum wage and overtime compensation due under Montana law and the Federal Fair Labor Standards Act ("FLSA"). *Court Doc. 1 at ¶¶ 35-38*. Under count four, Rosseland seeks wages withheld at termination and penalties for non-payment under Montana law. *Id. at ¶¶ 47-48*.

## II. DISCUSSION

### A. Parties' Arguments

New York Life argues that Rosseland's "claims for unpaid wages and penalties under Montana law are time-barred." *Court Doc. 8 at 5*. It notes that Rosseland alleges that her wage and penalty claims in counts one and four of her Complaint arose under the TAS agreement, which terminated on September 14, 2008. But, New York Life argues,

---

[5]Rosseland states that her TAS agreement terminated in October of 2008 as opposed to New York Life's representation that it terminated in September of 2008. This difference is not relevant to the Court's analysis and decision on the instant motion.

Rosseland did not file her Complaint until March 1, 2011 – far past the 180-day limitation period for such claims provided in § 39-3-207(1), MCA. *Id*. Thus, New York Life argues, Rosseland's claims in counts one and four of her Complaint, to the extent that Rosseland asserts them under state law, are time-barred and the Court should dismiss them with prejudice. *Id*.

Rosseland concedes that her claim for penalties under § 39-3-207, MCA, in count four of her Complaint is subject to the 180-day limitations period and agrees to its dismissal to the extent the claim is based on state law. At the hearing on the pending motion to dismiss, Rosseland's counsel conceded that the Complaint does not, in count four, state a federal law claim. Thus, he agreed that count four is subject to dismissal in its entirety if the Court grants the instant motion to dismiss.

With respect to the rest of the motion, Rosseland responds with two principal arguments. First, she argues that New York Life has not challenged the federal FLSA claims she asserts in count one of her Complaint and maintains that count one "should stand regardless of

what the Court does with the state law claims." *Court Doc. 12 at 4-5*.

Second, Rosseland argues that her state law claims are not time-barred. *Id. at 5*. She argues that her claims for unpaid wages and overtime compensation are not based on § 39-3-207(1), MCA. Rather, she argues, the claims stem from a written contract and thus are subject to the limitations period applicable to actions on a written contract, which is eight years. *Id.* (citing § 27-2-202, MCA).

At the hearing on the motion, Rosseland's counsel stated her position that all rights and protections guaranteed by state law are implied into the employment contract. As such, the rights become an "integral part" of the written employment contract subjecting it to an eight-year limitations period rather than the 180-day limitations period provided in provided in § 39-3-207(1), MCA.

Rosseland also argues that, even if the 180-day limitations period set forth in § 39-3-207(1), MCA, also applies, the Court nevertheless should apply the limitations period applicable to contract actions because "where two statute of limitations apply to a plaintiff's claim, 'such conflict [is] correctly resolved in favor of applying the longer

statute of limitations.'" *Id. at 6* (quoting *Demarest v. Broadhurst*, 92 P.2d 1168 at ¶ 13 (Mont. 2004)).

In reply, New York Life first reiterates that it is not seeking dismissal of Rosseland's FLSA claims through the instant motion. *Reply Mem. of Law Further Supporting New York Life's Mtn. to Dismiss (Court Doc. 16) at 2-3*.[6] Rather, it notes that its motion is directed solely at Rosseland's state law claims contained in counts one and four. *Id*.

Second, New York Life argues that Rosseland has not stated count one as a breach of contract claim as she argues. It notes that neither the word "breach" nor any factual allegations necessary to state a breach of contract claim are included in the Complaint. *Id. at 3*. New York Life argues that Rosseland's Complaint "contains no allegations regarding what provision of the [TAS] Agreement was allegedly breached, or how New York Life's practices deviated from the Agreement." *Id. at 3-4*. New York Life argues that not only does Rosseland fail to allege a breach of contract, she also actually "contends

---

[6]Citations to page numbers refer to page numbers used as part of the Court's electronic filing system.

that New York Life complied with its own contracts and policies for similarly situated agents, and that in doing so, it violated state and federal laws." *Id. at 5* (emphasis omitted).

B. **Legal Standard**

A party may move under Rule 12(b)(6) to dismiss claims for being time-barred if "the running of the statute [of limitations] is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (citation omitted). A challenged claim "cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* (quoting *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

C. **Analysis**

As an initial matter, the Court must ascertain precisely what claims Rosseland states in counts one and four. As noted above, Rosseland claims that she performed work under both the Introductory Contract and the TAS agreement for which she received no or insufficient compensation. *Court Doc. 1 at ¶¶ 22-23, 35-38*. Relevant

to the motion at hand, she seeks minimum wage and overtime compensation due, and wages withheld at termination, together with penalties for non-payment, all under Montana law. *Id. at ¶¶ 35-28, 47-48*.

As presently pled, Rosseland states solely statutory claims under Montana law. The Complaint does not, either directly or indirectly, state a claim for breach of contract. Rosseland's statutory claims are thus subject to the 180-day limitations period set forth in § 39-3-207(1), MCA. Her employment with New York Life terminated on September 14, 2008. Because she filed her Complaint in this Court on March 1, 2011, *i.e.*, beyond the 180-day limitations period, her claims in counts one and four brought under Montana law are time-barred and New York Life's motion will be granted.

In reaching this conclusion, the Court is not persuaded by Rosseland's arguments opposing New York Life's motion. First, in arguing that she properly states claims for breach of contract, Rosseland maintains that she twice referred in her Complaint to the eight-year period preceding its filing. *Court Doc. 1 at ¶¶ 35 and 47.*

She argued at the hearing that making these two references made clear her intent to state a claim for breach of a written contract since the statute of limitations for that claim is eight years. *See* § 27-2-202(1) (providing eight-year limitations period for action on any written contract).

Such passing references to a period of time, without more, are insufficient to state a breach-of-contract claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly, 550 U.S. at 556*). But standing alone, the bare references to a time period simply fail to state a claim for breach of contract, particularly when the claim is otherwise expressly based on statutory law. Also, Rosseland has pointed to no provision of the written employment contract that she contends New York Life

breached.

Second, Rosseland argues that she stated breach of contract claims where she alleges breach of rights derived from state statutory law because such rights are implied into the written employment contract. Even where one implies into a contract those rights derived from statute, however, it also is necessary to imply into the contract limits attendant to such statutory rights. As a general matter, a court "is obligated to read the statute in its entirety, giving meaning to all its parts and neither inserting nor omitting language therein." *Nelson v. State of Montana*, 195 P.3d 293, 298 (Mont. 2008) (citing § 1-2-101, MCA). To accept Rosseland's position here would be to omit or ignore § 39-3-207(1)'s 180-day limitations period, resulting in an impermissible construction of the statute under clearly established Montana law.

For these same reasons, the Court is unpersuaded by Rosseland's reliance on *Intermountain Deaconess Home for Children v. Montana Dept. of Labor*, 623 P.2d 1384 (Mont. 1981). The 180-day limitations period applies when a party claims breach of the statutory right at issue here. While "payment of a minimum [w]age is an integral part of

the employment contract[,]" *Intermountain Deaconess Home*, 623 P.2d at 1387, this does not alter the nature of the claim Rosseland asserts under § 39-3-206, MCA, nor the limitations period imposed by § 39-3-207(1), MCA, for raising the claim. As already stated, to do so would omit or ignore a portion of the statute, impermissibly rendering it a nullity.

Also, *Intermountain Deaconess Home* was decided in 1981, eighteen years before § 39-3-207, MCA, was amended to extend the 180-day limitation period to wages. The Montana Supreme Court discussed this legislative change in an unpublished decision in 2003. *See Fletcher v. Park County*, 77 P.3d 550 (Mont. 2003) (holding that five-year limitation period for oral contracts applied to pre-amendment wage claims and 180-day limitation period applied to post-amendment wage claims).

### III. CONCLUSION

Based on the foregoing analysis, **IT IS ORDERED** that Defendants' motion to dismiss (*Court Doc. 7*) is GRANTED. Thus, count one, to the extent it is brought under Montana law, and count

four, in its entirety, are DISMISSED.

DATED this 13th day of July, 2011.

> **/S/ Carolyn S. Ostby**
> United States Magistrate Judge